## M. M. Morrissey, Administrator, v. Jennie Rogers.

1. COMMISSION—*when administrator not entitled to.* An administrator is not entitled to charge commissions upon an item which was not actually received by him but which as a matter of bookkeeping might properly be included in his report.

2. ADMINISTRATOR'S REPORT—*what not res judicata of item of.* The fact that upon the filing by an administrator of his first report no objection is made upon a particular item, although other items are objected to, does not waive the right of the party who has so objected, subsequently to object to such item upon the filing by the administrator of a supplemental report.

Contest in court of probate. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

D. D. DONAHUE and H. M. MURRY, for appellant.

EDMUND O'CONNELL, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The only question involved in this appeal, is whether

appellant as administrator of the estate of Augustus W. Rogers, deceased, is entitled to charge and be allowed a commission upon $3,000, as claimed by appellant or upon $1,334.18 as ascertained and determined by the Circuit Court. If appellant ever filed an inventory of the property of his intestate, it does not appear either in the record or abstract, and we must look to his purported final report filed December 30, 1902, to ascertain the value of the estate represented as coming into his hands. In that report appellant charged himself with the sum of $3,000 represented as having been realized from a sale to R. C. Rogers of the interest of his intestate in certain personal property. Appellee having filed objections to the allowance of certain items of credit claimed by appellant in said report and also as to other matters, not here involved, a hearing was had thereon resulting in an order of the court sustaining the objections in part. Appellant thereafter on December 23, 1903, filed his so-called "final supplemental report" in which he complied with the order of the court entered upon the hearing of the objections referred to, and in which supplemental report as in his prior report he credited himself with the sum of $180 as commission at 6 per cent. upon the sum of $3,000. Appellee filed her objection to the allowance to appellant of $180 as commission and upon a hearing thereon, the objection was sustained by the County Court and an order entered finding that appellant was only entitled to commission upon the sum of $1,334.18; fixing such commission at $80.05, and requiring appellant to account for the difference, $99.95. Appellant perfected an appeal to the Circuit Court, where the matter was heard and a like order entered. This appeal followed.

At the time of his death, appellant's intestate had an unascertained interest in the personal estate of his father, which, through the efforts of an attorney employed by appellee under a contingent fee agreement, netted $1,309.38. This interest appellant appears to have sold to R. C. Rogers, a brother of appellant's intestate, for his purported bid therefor of $3,000. R. C. Rogers had made advancements

from time to time to his brother Augustus, amounting in the aggregate to $1,690.62, for which amount he filed a claim against the estate, which was allowed by the County Court with the consent of appellant. Appellant then took the receipt of R. C. Rogers for the amount of such advancements allowed as a claim against the estate, and received the difference, $1,309.38, in cash. While upon the face of the record there is a semblance of justification for appellant charging himself with the sum of $3,000, as received from R. C. Rogers, we are of opinion the justification is more shadowy than substantial and that there was no basis in fact for estimating the interest of Augustus W. Rogers realized from his father's estate, at $3,000.

It is insisted by appellant, that appellee not having objected to the item of commission in the report filed December 30, 1902, the question was *res judicata* upon the filing of the final supplemental report December 23, 1903. This insistence is not tenable. The report filed December 23, 1903, was the only final report of appellant as administrator, and it was within the power of the County Court upon the presentation thereof, to hear testimony for the purpose of correcting that or any former report filed by him, and to enter an appropriate order making such correction as the evidence justified. Marshall v. Coleman, 187 Ill. 556.

The judgment of the Circuit Court was right and will be affirmed.

*Affirmed.*